UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

DANIEL MARTINEZ
and other similarly-situated individuals,

     Plaintiff,

v.

ATLANTIC TRUCKING & WAREHOUSING INC.,
OCEANIC TRANSPORTATION, INC.,
JOSE F. VEGA, and MARIA C. VEGA individually

     Defendants.
_____/

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

COMES NOW the Plaintiff, DANIEL MARTINEZ, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants ATLANTIC TRUCKING & WAREHOUSING INC., OCEANIC TRANSPORTATION, INC., JOSE F. VEGA and MARIA C. VEGA, individually, and alleges:

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337, the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 (b) for jurisdictional placement) ("the Act"), and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§1332 and 1367.

2. Plaintiff DANIEL MARTINEZ is a resident of Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3.  Defendant ATLANTIC TRUCKING & WAREHOUSING INC. (hereinafter ATLANTIC) is a Profit corporation registered to do business in Florida, which has its main place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

4.  Defendant OCEANIC TRANSPORTATION, INC. (hereinafter OCEANIC) is a Profit corporation registered to do business in Florida, which has its main place of business in Miami-Dade County, Florida, in the same location of ATLANTIC TRUCKING,  and at all times material hereto Defendant OCEANIC was and is engaged in interstate commerce.

5.  Plaintiff DANIEL MARTINEZ worked for ATLANTIC and OCEANIC in the same location.

6.  Defendants ATLANTIC and OCEANIC are a joint enterprise pursuant to 29 CFR 791.2.,

7.  Individual Defendants JOSE F. VEGA and MARIA C. VEGA were and are directors and/or owners of Defendant Corporations ATLANTIC and OCEANIC These individual Defendants had financial control, and directed operations of both corporations and are Plaintiff's employers in the meaning of 29 U.S.C. § 203(d).

8.  All the action raised in this complaint took place in Miami-Dade County, Florida, within the jurisdiction of this Court.

<u>ALLEGATIONS COMMON TO ALL COUNTS</u>

9.  This cause of action is brought by Plaintiff as a collective action to recover from Defendants overtime compensation, liquidated damages, and the costs and

reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after April 2010, (the "material time") without being compensated.

10. Defendants ATLANTIC and OCEANIC are transportation companies, that provide transportation and warehousing services to corporate accounts.

11. Defendants ATLANTIC and OCEANIC are under common ownership, they performed related activities through a unified operation and for a common business purpose.

12. Defendants ATLANTIC and OCEANIC are joint-enterprises corporations who act directly or indirectly in the interests of one another

13. Defendants ATLANTIC and OCEANIC business practices are not completely disassociated with respect to the employment of their employees. Defendants share control of their employees.

14. Because the work performed by Plaintiff and other similarly-situated individuals, simultaneously benefited all Defendants and directly or indirectly furthered their joint interest, Defendants are the joint employers of Plaintiff and other similarly situated employees under the FLSA' broad definition of "employer", (29 U.S.C. §203 (d).

15. Pursuant to 29 CFR 791.2 Defendants ATLANTIC and OCEANIC are joint employers with respect to their employment of Plaintiff and are jointly liable for Plaintiff's damages.

16. Defendants ATLANTIC and OCEANIC employed Plaintiff DANIEL MARTINEZ during 2 periods. In his first period, Plaintiff worked from 2001, through 2008.   In his second, and relevant period, Plaintiff worked from approximately April 01, 2010, to April 29, 2013 or 160 weeks.

17. At all times hereto, Plaintiff DANIEL MARTINEZ was employed by Defendants as "security guard" performing non-exempt work, within the personal jurisdiction and venue of this Court. Plaintiff was an hourly employee and his regular rate of payment was $4.91 an hour.

18. During the course of his employment period with Defendants, Plaintiff and the other employees in the asserted class regularly worked overtime hours (hours worked in excess of 40 hours per workweek, referred to herein as "overtime hours") without being paid proper compensation.

19. Plaintiff worked from Monday to Friday from 7:00 PM, to 8:00 AM (65 hours), and on Saturdays Plaintiff worked from 3:00 PM to Monday 8:00 AM (41 hours), for a total of 106 hours weekly.

20. However, Plaintiff was not paid minimum wages, nor overtime compensation at the rate of time and one-half his regular rate of pay, for every hours in excess of Forty (40) that he worked in a workweek. Plaintiff was paid in cash, on weekly basis.

21. After adding the two periods of employment in which Plaintiff worked for Defendants, the total amount of time worked, amounted to more than 10 years. Throughout those 10 years, Plaintiff worked extended hours, without receiving

any employment benefit, and without receiving minimum and overtime wages as established by Federal and State Law.

22. Plaintiff requested several times to paid minimum wages, as established by law, but he was told that he had no rights in this Country.

23. On or about April 29, 2013 Plaintiff was forced to leave his employment after being denied, one more time, minimum wages and one week of paid vacation.

24. Plaintiff DANIEL MARTINEZ seeks to recover for unpaid minimum and overtime wages accumulated for all the time that he worked for Defendants, as allowable by law.

### COUNT I:
### WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME,  AGAINST ALL DEFENDANTS

25. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-24 above as if set out in full herein.

26. This action is brought by Plaintiff and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

27. The Employers ATLANTIC and OCEANIC are and, at all times pertinent to this Complaint, were engaged in interstate commerce.

28. At all times pertinent to this Complaint, the Employers/Defendants operate as organizations which sell and/or market their services and/or goods to customers from throughout the United States. The Employers/Defendants use the instrumentalities of interstate commerce and otherwise regularly engage in interstate commerce, particularly with respect to their employees. Employers/Defendants employ more than two employees affecting interstate commerce. Upon information and belief, the annual gross revenue of the Employers/Defendants was at all times material hereto in excess of $500,000 per annum.

29. By reason of the foregoing, the Employers/Defendants ATLANTIC and OCEANIC are and were, during all times hereafter mentioned, enterprises engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s). Defendants, regarding to the employment of Plaintiff DANIEL MARTINEZ, were subjected to FLSA enterprise coverage.

30. The Plaintiff's work for the Employers/Defendants likewise affected interstate commerce. Plaintiff was a Security Guard and he regularly protected goods and/or materials that were moved across State lines at any time in the course of business. Plaintiff was engaged in interstate commerce and was employed in enterprises engaged in interstate commerce. Thus, Plaintiff is a covered employee for the purpose of the Act. By reason of the foregoing, there is FLSA individual coverage.

31. Defendants ATLANTIC and OCEANIC employed Plaintiff DANIEL MARTINEZ as a "security guard", from approximately April 01, 2010, to April 29, 2013, or 160 weeks. Plaintiff was an hourly employee and his regular rate of payment was $4.90 an hour.

32. Plaintiff was employed as a non-exempt "security guard" performing the same or similar duties as that of those other similarly-situated "security guards" who Plaintiff observed worked in excess of 40 hours per week without overtime compensation.

33. While employed by Defendants, Plaintiff worked an average of more than forty (40) hours per week without being compensated at the rate of not less than one and one half times the regular rate at which he was employed

34. Plaintiff worked from Monday to Friday from 7:00 PM, to 8:00 AM (65 hours), and on Saturdays Plaintiff worked from 3:00 PM to Monday 8:00 AM (41 hours), for a total of 106 hours weekly, without receiving proper compensation.

35. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendants.  However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

36. Defendants violated the record keeping requirements of FLSA, 29 CFR Part 516.

37. Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

a.  <u>Total amount of alleged unpaid wages</u>:

One Hundred Twelve Thousand Twenty Dollars and 48/100 ($112,020.48)

b.  <u>Calculation of such wages</u>:

Total period of employment:  156 weeks
Total hours worked in a week:  106 hours
Regular paid hours:  40 hours          Overtime unpaid hours:  66
Min. Wage $7.25 x 1.5 = $10.88 O/T rate

$ 10.88 x 66 = $718.08 weekly x 156 weeks = $ 112,020.48

c.  <u>Nature of wages (e.g. overtime or straight time)</u>:

This amount represents the unpaid overtime.

38. At all times material hereto, the Employers/Defendants ATLANTIC and OCEANIC failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq., in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

39. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

40. Defendants ATLANTIC and OCEANIC knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those

similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

41.  Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

42. At the times mentioned, individual Defendants JOSE F. VEGA  and MARIA C. VEGA were, and are now, the Directors and/or owners of Defendant Corporations ATLANTIC and OCEANIC. Individual Defendants JOSE F. VEGA and MARIA C. VEGA had total operational control of ATLANTIC and OCEANIC, provided Plaintiff with his work schedule, and are jointly liable for Plaintiff's damages. Individual Defendants JOSE F. VEGA and MARIA C. VEGA were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that these individual Defendants acted directly in the interest of Defendants employers in relation to the employees of Defendants employers, including Plaintiff and others similarly situated.

43. Defendants ATLANTIC, OCEANIC, JOSE F. VEGA  and MARIA C. VEGA willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States as set forth above and remain owing Plaintiff these

overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

44. Plaintiff seeks to recover for unpaid overtime wages accumulated from approximately April 01, 2010, to April 29, 2013 or from 3 (three) years from the date of the filing of this complaint.

45. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff DANIEL MARTINEZ and other similarly-situated and against the Defendants ATLANTIC, OCEANIC, JOSE F. VEGA and MARIA C. VEGA, on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff and those similarly-situated demand trial by jury of all issues triable as of right by jury.

**COUNT II:**
**F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION:**
**FAILURE TO PAY MINIMUM WAGE; AGAINST  ALL DEFENDANTS**

46. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 of this complaint as if set out in full herein.

47. Employers/Defendants ATLANTIC and OCEANIC are and were, during all times hereafter mentioned, enterprises engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s), and regarding to the employment of Plaintiff DANIEL MARTINEZ, subjected to FLSA enterprise coverage.

48. The Plaintiff's work for the Employers/Defendants likewise affected interstate commerce.  Plaintiff was a "security guard" and he regularly protected goods and/or materials that were moved across State lines at any time in the course of business.  Plaintiff was engaged in interstate commerce and was employed in an enterprise engaged in interstate commerce.  Thus, Plaintiff is a covered employee for the purpose of the Act. By reason of the foregoing, there is FLSA individual coverage.

49. This action is brought by Plaintiff DANIEL MARTINEZ and those similarly-situated to recover from the Employers unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.  U.S.C. §206 states "Every employer shall pay to

each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

    (A) $5.85  an hour, beginning on the 60th day after May 25, 2008;

    (B) $6.55 an hour, beginning 12 months after that 60th day; and

    (C) $7.25 an hour, beginning 24 months after that 60th day.

50. Defendants ATLANTIC and OCEANIC employed Plaintiff DANIEL MARTINEZ as a "security guard" from approximately April 2010, to April 29, 2013.

51. Plaintiff total employment period was approximately 160 weeks, within the relevant period, Plaintiff worked an average of 106 hours weekly, and he was paid approximately $520.00 per week or $4.91 an hour.  Plaintiff was not paid minimum wages for every hour that he worked as established by the Fair Labor Standards Act.

52. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendants.  However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

53. Defendants violated the record keeping requirements of FLSA, 29 CFR Part 516.

54. Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

    a.   <u>Total amount of alleged unpaid wages</u>:

        Fourteen Thousand Six Hundred One Dollar and 60/100 ($14,601.60)

    b.   <u>Calculation of such wages</u>:

        Total period of employment:  156 weeks
        Total hours worked in a week:  106 hours    Paid $520.00 weekly
        Regular Hours:  40 hours
        Paid to Plaintiff $4.91    ($520.00:106 hours=$4.91)
        Federal Minimum Wage $ 7.25 an hour

      $7.25 Min. Wage - $4.91 paid = $2.34 Min. wage difference

      $2.34 difference x 40 hours = $93.60 weekly x 156 weeks = $14,601.60

    c.   <u>Nature of wages</u>:

        This amount represents unpaid Federal minimum wages.

55. Defendants ATLANTIC and OCEANIC unlawfully failed to pay minimum wages to Plaintiff.

56. Defendants ATLANTIC and OCEANIC knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these minimum wages since the commencement of Plaintiff and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

57.  Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.  Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

58. At the times mentioned, individual Defendants JOSE F. VEGA and MARIA C. VEGA JOSE F. VEGA were, and are now, the Directors and/or owners of Defendants Corporations ATLANTIC and OCEANIC. Individual Defendants JOSE F. VEGA and MARIA C. VEGA had operational control of ATLANTIC and OCEANIC, provided Plaintiff with his work schedule, and are jointly liable for Plaintiff's damages.  Individual Defendants JOSE F. VEGA and MARIA C. VEGA were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that, these individual Defendants acted directly in the interest of Defendants employers in relation to the employees of Defendants employers, including Plaintiff and others similarly situated.

59. Defendants ATLANTIC, OCEANIC, JOSE F. VEGA,  and MARIA C. VEGA, willfully and intentionally refused to pay Plaintiff DANIEL MARTINEZ minimum wages as required by the law of the United States as set forth above and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants or as set forth above.

60. Plaintiff seeks to recover for minimum wage violations accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

61. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff DANIEL MARTINEZ and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff DANIEL MARTINEZ and other similarly-situated and against the Defendants ATLANTIC, OCEANIC, JOSE F. VEGA and MARIA C. VEGA, on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff DANIEL MARTINEZ actual damages in the amount shown to be due for unpaid minimum wages for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff DANIEL MARTINEZ, and those similarly-situated demand trial by jury of all issues triable as of right by jury.

<u>**COUNT III:**</u>
<u>**FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3)**</u>
<u>**RETALIATORY CONSTRUCTIVE DISCHARGE; AGAINST ALL**</u>
<u>**DEFENDANTS**</u>

62. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-61 of this complaint as if set out in full herein.

63. This action arises under the laws of the United States.

64. This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement) as well as the Florida Constitution that vests this action within a court of competent jurisdiction.

65. 29 U.S.C. § 206 (a) (1) states "...an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)].

66. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…"

67. Likewise,  29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

68. Defendants' business activities involve those to which the Fair Labor Standards Act applies. The Defendants ATLANTIC and OCEANIC are transport companies and, through their business activity, affects interstate commerce.  The Plaintiff's work for the Defendants likewise affected interstate commerce.  Plaintiff worked as security guard while employed by the Defendants.

69. Defendants ATLANTIC and OCEANIC employed Plaintiff DANIEL MARTINEZ from approximately April 01, 2010, to April 29, 2013.

70. During his time of employment with Defendants ATLANTIC and OCEANIC, Plaintiff worked an average of over One Hundred and Six (106) hours per week without receiving minimum wages and overtime payment at the rate of one and a half his regular rate as provided by FLSA.

71. Plaintiff was paid just $4.91 an hour, and he was not paid overtime.  Plaintiff complained with owner JOSE F. VEGA about his wages on several occasions, but Defendant ignored Plaintiff's complaints.

72. Plaintiff not only did not receive regular wages at the minimum wage rate or overtime wages, but he was humiliated, and told that he had no rights in this Country.

73. On or about April 29, 2013, Plaintiff was authorized to take one week on vacation (for the first time in 10 years of employment), Plaintiff expected to receive his payment, but Defendants refused to pay the vacation week.  Plaintiff complained about the unpaid vacation and about his minimum wages and overtime. He received the same answer: "you don't have rights in this Country". As a result, Plaintiff decided to leave his job.

74. On April 29, 2013, the harsh and unfair working conditions forced Plaintiff to quit his job. No reasonable person could continue working under condition established by Defendants. Therefore, Plaintiff was constructively discharged.

75. At the times mentioned, Defendants JOSE F. VEGA  and MARIA C. VEGA were and are now, the Directors and/or owners of Defendants Corporations

ATLANTIC and OCEANIC. Defendants JOSE F. VEGA and MARIA C. VEGA were employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that these individual Defendants acted directly in the interests of Defendant's corporation in relation to the employees of Defendants employers, including Plaintiff and others similarly situated.  Defendants JOSE F. VEGA  and MARIA C. VEGA  had operational control of the business, provided Plaintiff with his work schedule, and are jointly liable for Plaintiff's damages

76. Defendants  ATLANTIC, OCEANIC, JOSE F. VEGA and MARIA C. VEGA willfully and intentionally refused to pay Plaintiff minimum and overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

77. The Defendant's constructive discharge of the Plaintiff was in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

78. The motivating factor which caused Plaintiff's constructive discharge as described above was the complaint seeking his minimum and overtime wages from the Defendants.  In other words, Plaintiff would not have been discharged but for his complaint for minimum and regular wages.

79. The Defendants' termination or constructive discharge of the Plaintiff was in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

80. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff DANIEL MARTINEZ respectfully requests that this Honorable Court:

A.  Issue a declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B.  Enter judgment against Defendants ATLANTIC, OCEANIC,  JOSE F. VEGA, and MARIA C. VEGA that Plaintiff DANIEL MARTINEZ recovers compensatory, damages and an equal amount of liquidated damages as provided in 29 U.S.C. § 216(b);

C.  That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D.  Order the Defendants ATLANTIC, OCEANIC, JOSE F. VEGA  and MARIA C. VEGA  to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E.  Plaintiff DANIEL MARTINEZ further prays for such additional relief as the interests of justice may require.

<u>JURY DEMAND</u>

Plaintiff DANIEL MARTINEZ  demands trial by jury of all issues triable as of right by jury.

**<u>COUNT IV:</u>**
**<u>STATUTORY VIOLATIONS OF FLORIDA'S MINIMUM</u>**

## **WAGE ACT; AGAINST ALL DEFENDANTS**

81. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 of this complaint as if set out in full herein.

82. This action is brought by Plaintiff DANIEL MARTINEZ to recover from the Employers ATLANTIC and OCEANIC unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of Title XXXI, Chapter 448.110 (Florida Minimum Wage Act) and Fla. Const. art X section 24.

83. The Florida Minimum Wage Act states "… employers shall pay employees a minimum wage at an hourly rate of $7.25 for all hours worked in Florida. Title XXXI, Chapter 448.110.

84. Defendants   ATLANTIC   and   OCEANIC   employed   Plaintiff   DANIEL MARTINEZ as a "security guard" from approximately April 2010, to April 29, 2013 or 160 weeks.

85. During his employment period with Defendants, Plaintiff worked an average of 106 hours per week. However, Plaintiff was not paid at the minimum wage rate as mandated by the Florida Minimum Wage Act.  Plaintiff was paid at the rate of $4.91 an hour.

86. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendants.  However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employee*s*.

87. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

    a.   Total amount of alleged unpaid wages:

        Forty Three Thousand Seven Hundred Fifty Six Dollars and 80/100 ($43,756.80)

    b.   Calculation of such wages:
        Total period of employment:  156 weeks
        Total hours worked in a week:  106 hours    Paid $520.00 weekly
        $520.00:106 hours=$4.91 per hour    Paid to Plaintiff $4.91 per hour

        2010  Florida Minimum Wage rate:  $7.25
        $7.25 - $4.91 rate paid = $2.34  unpaid difference
        $2.34 unpaid difference x 106 hours  = $248.04 weekly
        $248.04 x 36 weeks = $8,929.44

        2011  Florida Minimum Wage rate:  $7.25
        $7.25 - $4.91 rate paid = $2.34  unpaid difference
        $2.34 unpaid difference x 106 hours  = $248.04 weekly
        $248.04 x 52 weeks = $12,898.08

        2012  Florida Minimum Wage rate:  $7.67
        $7.67 - $4.91 rate paid = $2.76  unpaid difference
        $2.76 unpaid difference x 106 hours  = $292.56 weekly
        $292.56 x 52 weeks = $15,213.12

        2013  Florida Minimum Wage rate:  $7.79
        $7.79 - $4.91 rate paid = $2.88  unpaid difference
        $2.88 unpaid difference x 106 hours  = $305.28 weekly
        $305.28 x 22 weeks = $6,716.16

        Total Florida Minimum Wage:  $43,756.80

    c.   Nature of wages:

        This amount represents unpaid Federal minimum wages.

88. Defendants ATLANTIC and OCEANIC knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Florida Minimum Wage Act and remain owing Plaintiff these

minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above.

89. At the times mentioned, Defendants JOSE F. VEGA and MARIA C. VEGA JOSE F. VEGA were, and are now, the Directors and/or owners of Defendants Corporations.  According to Section 24, Art. X of the Florida State Constitution, the terms "Employer," "Employee" and "Wage" shall have the meanings established under the Federal Fair Labor Standards Act (FLSA) and its implementing regulations. Therefore, Defendants JOSE F. VEGA and MARIA C. VEGA were the employers of Plaintiff within the meaning of the Florida Minimum Wage act and pursuant to Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that these individual Defendants acted directly in the interests of Defendants employers in relation to the employees of Defendants employers, including Plaintiff.  Defendants JOSE F. VEGA and MARIA C. VEGA had operational control of the business, provided Plaintiff with his work schedule, and are jointly liable for Plaintiff's damages.

90. Defendants ATLANTIC, OCEANIC, JOSE F. VEGA  and MARIA C. VEGA, willfully and intentionally refused to pay Plaintiff minimum wages as required by the laws of Florida, as set forth above, and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants.

91. Pursuant to Fla. Stat. 448.110, Plaintiff DANIEL MARTINEZ has provided Defendants with notice of Plaintiff's minimum wage claims (i.e. the minimum wage to which Plaintiff claims entitlement, work dates for which payment is

sought, and the approximate   amount of alleged unpaid wages). See attached **Exhibit "A".**

92. Plaintiff DANIEL MARTINEZ seeks to recover for unpaid minimum wages accumulated for the time as allowable by law.

93. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff DANIEL MARTINEZ respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendants ATLANTIC, OCEANIC, JOSE F. VEGA   and MARIA C. VEGA on the basis of Defendants' willful violations of the Florida Minimum Wage Act; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff DANIEL MARTINEZ demands trial by jury of all issues triable as of right by jury.

<u>**COUNT V:**</u>
<u>**STATUTORY VIOLATIONS OF FLORIDA'S MINIMUM WAGE ACT:**</u>
<u>**RETALIATORY CONSTRUCTIVE DISCHARGE;  AGAINST ALL**</u>
<u>**DEFENDANTS**</u>

94. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 and 80-92 of this complaint as if set out in full herein.

95. This action is brought by Plaintiff DANIEL MARTINEZ for the retaliatory constructive discharge of Plaintiff, in violation of the provisions of the Florida Minimum Wage Act, Title XXXI, Chapter 448.109 (3)(a) and Article X, Section 24 (d) of the Florida Constitution.

96. The Florida Minimum Wage Act states "… employers shall pay employees a minimum wage at an hourly rate of $7.25 for all hours worked in Florida. Title XXXI, Chapter 448.110.

97. The Florida Minimum Wage Act, Florida Title XXXI, Chapter 448.109 (3)(a), establishes in pertinent part:

> "An employer may not retaliate against an employee for exercising his or her right to receive the minimum wage. Rights protected by the State Constitution include the right to:...."

98. Defendants ATLANTIC and OCEANIC employed Plaintiff DANIEL MARTINEZ as a "security Guard", from approximately April 2010, to April 29, 2013

99. During that period, Plaintiff DANIEL MARTINEZ worked an average of One Hundred and Six (106) hours per week. However, he was not paid minimum wages at the rate provided by the Florida Minimum Wage Act, but he was paid just $4.91 an hour.

100.    Plaintiff complained about his unpaid wages to the owner of the business JOSE F. VEGA on multiple occasions, but Defendants ignored Plaintiff's requests and did not pay Plaintiff at the rate established by law.

101.    Plaintiff not only did not receive his regular wages at the minimum wage rate or overtime wages, but he was humiliated and told that he had no rights in this Country.

102.     On or about April 29, 2013, Plaintiff was authorized to take one week on vacation (for the first time in 10 years of employment), Plaintiff expected to receive his payment, but Defendants refused to pay the vacation week.  Plaintiff complained about the unpaid vacation and about his minimum wages. He received the same answer: "you don't have rights in this Country". As a result, Plaintiff decided to leave his job.

103.    On April 29, 2013, the harsh and unfair working conditions forced Plaintiff to quit his job. No reasonable person could continue working under condition established by Defendants. Therefore, Plaintiff was constructively discharged.

104.    At the times mentioned, Defendants JOSE F. VEGA  and MARIA C. VEGA were, and are now, the Directors and/or owners of Defendants Corporations.  According to Section 24, Art. X of the Florida State Constitution, the terms "Employer," "Employee" and "Wage" shall have the meanings established under the Federal Fair Labor Standards Act (FLSA) and its implementing regulations. Therefore, Defendants JOSE F. VEGA  and MARIA C. VEGA were the employers of Plaintiff and others similarly situated within the

meaning of the Florida Minimum Wage act pursuant to Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that these individual Defendants acted directly in the interests of Defendants employers in relation to the employees of Defendants employers, including Plaintiff.  Defendants JOSE F. VEGA and MARIA C. VEGA had operational control of the business, provided Plaintiff with his work schedule, and are jointly liable for Plaintiff's damages.

105.     Defendants ATLANTIC, OCEANIC, JOSE F. VEGA and MARIA C. VEGA  willfully and intentionally refused to pay Plaintiff minimum wages as required by the laws of Florida, and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above.

106.     The motivating factor which caused Plaintiff's discharge as described above was the complaint seeking minimum wages from the Defendants.  In other words, Plaintiff would not have been discharged but for his complaint for minimum wages.

107.     The Defendants' termination of the Plaintiff was in direct violation of the provisions of the Florida Minimum Wage Act, Title XXXI, Chapter 448.109 (3)(a)  and Article X, Section 24 (d) of the Florida Constitution.  As a direct result, Plaintiff has been damaged.

108.     Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff DANIEL MARTINEZ respectfully requests that this Honorable

Court:

    A.  Enter judgment for Plaintiff DANIEL MARTINEZ and against the Defendants ATLANTIC, OCEANIC,  JOSE F. VEGA  and MARIA C. VEGA on the basis of Defendants' willful violations of the Florida Minimum Wage Act; and

    B.  Injunctive relief against Defendants prohibiting Defendants from further violations of the Florida Minimum Wage Act as described above;

    C.  Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages compensation for all the hours worked during his employment with Defendants for, with interest; and

    D.  Award Plaintiff an equal amount in double damages/liquidated damages; and

    E.  Award Plaintiff reasonable attorneys' fees and costs of suit pursuant to Section 448.08 of the Florida Statutes.

    F.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to State Law.

<u>JURY DEMAND</u>

Plaintiff DANIEL MARTINEZ demands trial by jury of all issues triable as of right by jury

DATED: June 17, 2013

                       Respectfully submitted,

                       ZANDRO E. PALMA, P.A.
                       3100 South Dixie Highway, Suite 202
                       Miami, FL 33133
                       Telephone:     (305) 446-1500
                       Facsimile:     (305) 446-1502
                       zep@thepalmalawgroup.com
                       By:  _/s/ Zandro E. Palma
                           Florida Bar: 0024031